IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-411 |
| | ) | [UNDER SEAL] |
| ROBERT COLBERT a/k/a Ballz | ) | |
| KEVIN UNDERWOOD a/k/a J Reed | ) | |
| NICKY EVANS a/k/a Yama | ) | |
| MICHAEL HENSON a/k/a Henne | ) | |
| TERRELL HENSON a/ka Fifty | ) | |
| HOSEA GHAFOOR a/k/a Eey | ) | |
| BRYANT MATHIS a/k/a B a/k/a | ) | |
| Lil B | ) | |
| AARON FORD a/k/a Forty a/k/a | ) | |
| Forty Cal | ) | |
| LAMON STREET a/k/a M-Dot | ) | |
| a/k/a Mon | ) | |
| VALLON WALLACE a/k/a VL | ) | |
| MAURICE WALLACE a/k/a Reese | ) | |
| DWAYNE JOHNSON a/k/a Weezie | ) | |
| a/k/a Fat Wayne | ) | |
| JAMES PENDELTON a/k/a Jim Bob | ) | |
| a/k/a Bob | ) | |
| JAMAR PHARR a/k/a Brownway | ) | |
| LYNN GIBSON a/k/a Mennace | ) | |
| a/k/a Menno | ) | |
| RAYSHAWN MALACHI a/k/a Melly | ) | |
| Mel | ) | |
| ARTHUR DAVIS a/k/a Seven | ) | |
| MICHAEL WADE a/k/a Swade | ) | |
| VANCE PEARSON a/k/a Vinnie P | ) | |
| PHILLIP TURNER a/k/a Philly C | ) | |
| TERRANCE CLARK a/k/a Doo Wop | ) | |
| a/k/a Doodles a/k/a Magnolia | ) | |
| Wop | ) | |
| TEEON JENKINS a/k/a Project | ) | |
| DOMINIQUE STEELE a/k/a C-Flack | ) | |
| EARL ANGER a/k/a K-Loc | ) | |
| NICKLAS GAY a/k/a GK | ) | |
| DEVON SHEALEY | ) | |
| CHERYL CHAMBERS | ) | |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Constance M. Bowden, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I.  THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a Thirty Seven-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1,9, 35,36 | Possession of a firearm by a convicted felon 3/29/08 4/4/08 10/14/09 12/15/09 | 18 U.S.C. §922(g)(1) | COLBERT (Count 1, EVANS (COUNT 9) JOHNSON (Count 35) TURNER (Count 36) |
| 2 | Conspiracy to conduct a Racketeering Enterprise 2000 to present | 18 U.S.C. §1962(d) | ALL except CHAMBERS |
| 3, 10 12 | Attempted murder in aid of Racketeering Activity 5/19/05 9/7/06 9/7/06 | 18 U.S.C. §1959(a)(5) | DAVIS (Counts 3, 10, 12) |

| 4,6 11, 13,26 | Assault with a dangerous weapon in aid of Racketeering Activity 5/19/05 10/5/05 9/7/06 9/7/06 3/6/09 | 18 U.S.C. §1959(a)(3) | DAVIS (Counts 4, 11, 13) SHEALEY (Count 6) STEELE (Count 26) |
|---|---|---|---|
| 5, 7, 8,14, 15,17 19,20 22,24 27,34 37 | Using and/or Carrying a Firearm during and in relation to a crime of violence and/or a drug trafficking crime and possession in furtherance thereof  5/19/05 10/5/05 3/30/06 9/7/06 9/7/06 9/4/07 3/22/08 3/23/08-8/15/08 3/25/08 4/10/08 3/6/09 10/14/09 12/15/09 | 18 U.S.C. §924(c)(1)(A)(i) and (iii) | DAVIS (Counts 5,14,15 SHEALEY (Count 7) EVANS (Count 8) CLARK (Count 17) TURNER (Count 17) MATHIS (Count 19) FORD (Count 20) COLBERT (Counts 22,24) STEELE (Count 27) JOHNSON (Count 34) TURNER (Count 37) |
| 26 | Carjacking 9/4/07 | 18 U.S.C. §§2119 and 2 | CLARK TURNER |

| | | | |
|---|---|---|---|
| 18,23<br>25,28<br>31,32 | Attempted Obstruction of Justice<br>12/16/07<br>3/31/08-4/10/08<br>2/22/09<br>3/28/09<br>6/25/09<br>7/6/09 | 18 U.S.C. §1512(c)(2) | CLARK<br>(Count 18)<br>COLBERT<br>(Count 23)<br>SHEALEY<br>(Count 25)<br>CHAMBERS<br>(Count 25)<br>MATHIS<br>(Count 28)<br>MAURICE<br>WALLACE<br>(Counts 31, 32)<br>JOHNSON<br>(Counts 31, 32) |
| 21,29<br>30 | Possession with intent to distribute less than 100 grams of heroin<br>3/24/08<br>6/22/09<br>6/24/09 | 21 U.S.C. §§941(a)(1) and 841(b)(1)(C) | JENKINS<br>(Count 21)<br>MALACHI<br>(Count 29)<br>STREET<br>(Count 30) |
| 33 | Possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base<br>10/14/09 | 21 U.S.C. §§941(a)(1) and 841(b)(1)(A)(iii) | JOHNSON<br>(Count 33) |

FORFEITURE ALLEGATIONS

## II.  ELEMENTS OF THE OFFENSE

### A.  As to Counts 1, 9, 35 and 36:

In order for the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  The defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

> United States v. Gillies, 851 F.2d 492,
> 493-494 (1st Cir. 1988); United States v.
> Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

2.  The defendant thereafter knowingly possessed a firearm.

3.  Said firearm was possessed in or affecting interstate commerce.

> United States v. Gillies, 851 F.2d 492,
> 493-494 (1st Cir. 1988); United States v.
> Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

### B.  As to Count 2:

In order for the crime of Conspiracy to Conduct a Racketeering Enterprise, in violation of 18 U.S.C. §1962(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt

1.  The existence of an enterprise;

Salinas v. United States, 522 U.S. 52, 62-65 (1997).

5

2. That the enterprise was engaged in, or its activities affected interstate or foreign commerce;

*Salinas v. United States*, 522 U.S. 52, 62-65( 1997).

3. Each defendant knowingly agreed that a conspirator would commit two racketeering acts.

*Salinas v. United States*, 522 U.S. 52, 62-65( 1997).

**C.   As to Counts 3, 10, and 12:**

In order for the crime of attempting to commit murder in aid of Racketeering Activity, in violation of 18 U.S.C. §1959(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That there was an enterprise;

*United States v. Jones*, 566 F.3d 353 (3rd Cir. 2009).

2.  That was engaged in racketeering activity;

*United States v. Jones*, 566 F.3d 353 (3rd Cir. 2009).

3.  That affected interstate commerce;

*United States v. Jones*, 566 F.3d 353 (3rd Cir. 2009).

4.  That the defendant committed attempted murder;

*United States v. Jones*, 566 F.3d 353 (3rd Cir. 2009).

5. For purposes of gaining entrance to or maintaining or increasing position in the enterprise.

*United States v. Jones*, 566 F.3d 353 (3rd Cir. 2009).

D.  As to Counts 4, 6, 11, 13 and 26:

In order for the crime of attempting to commit murder in aid of Racketeering Activity, in violation of 18 U.S.C. §1959(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That there was an enterprise;

United States v. Jones, 566 F.3d 353 (3rd Cir. 2009).

2.  That was engaged in racketeering activity;

United States v. Jones, 566 F.3d 353 (3rd Cir. 2009).

3.  That affected interstate commerce;

United States v. Jones, 566 F.3d 353 (3rd Cir. 2009).

4.  That the defendant committed assault with a dangerous weapon;

United States v. Jones, 566 F.3d 353 (3rd Cir. 2009).

5.  For purposes of gaining entrance to or maintaining or increasing position in the enterprise.

United States v. Jones, 566 F.3d 353 (3rd Cir. 2009).

E.  As to Counts 5, 7, 8, 14, 15, 17, 19, 20, 22, 24 27, 34 and 37:

In order for the crime of using and carrying a firearm during and in relation to a crime of violence and possessing said firearm in furtherance of a crime of violence or drug trafficking

7

crime, in violation of 18 U.S.C. §924(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendants charged in each of counts 2, 3, 4, 6, 10, 11, 12, 13, 16, 26 and 33  committed the crime(s) of violence or  drug trafficking crime as charged.

2.    That the defendant knowingly used and. or carried a firearm in relation to the crime of violence or drug trafficking crime charged in Counts 2, 3, 4, 6, 10, 11, 12, 13, 16, 26 and 33 of the Indictment, as applicable. and/or knowingly possessed a firearm in furtherance of said crime of violence or drug trafficking crime.

> L. Sand, et al., Modern Federal Jury Instructions, No. 35-78 at p. 35-143; United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), as amended, 226 F.3d 651 (2000), cert. denied, 121 S. Ct. 839 (2001).

**F.  As to Counts 16:**

In order for the crime of carjacking, in violation of 18 U.S.C. §§2119 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the date set forth in the indictment, the defendant took a motor vehicle from the person and the presence of another.

2.    That the motor vehicle had previously been transported, shipped, or received in interstate commerce.

8

3.   That the defendant took the motor vehicle from another by force, violence or by intimidation.

4.   That the defendant intended to cause death or serious bodily harm if the person refused to relinquish the vehicle to the defendant.   Title 18, United States Code, Section 2119; Holloway v. United States, 526 U.S. 1, 11-12 (1999).

G.   As to Counts 18, 23, 25, 28, 31 and 32:

In order for the crime of attempting to obstruct justice, in violation of 18 U.S.C. §§1512(c)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant did attempt to corruptly obstruct, influence or impede an official proceeding.

Arthur Anderson LLP v. United States , 544 U.S. 696 (2005), United States v. Vampire Nation, 451 F.3d 189 (3 rd Cir. 2006).

2.  That the defendant acted knowingly and with specific intent to obstruct, influence or impede an official proceeding

Arthur Anderson LLP v. United States , 544 U.S. 696 (2005), United States v. Vampire Nation, 451 F.3d 189 (3 rd Cir. 2006).

3.   That an overt act which furthered the objectives of the substantive offense was committed.

9

E.  As to Counts 21, 29 and 30: Possession of a quantity of heroin, in violation of Title 21 U.S.C. §§841(a)(1) and 841(b)(1)(C):

In order for the crime of distribution and/or possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That on or about the dates set forth in the Indictment, the defendants distributed and/or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.  That the defendants did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Fairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.  That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

I.  As to Count 33 : Possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable

10

amount of cocaine base, in violation of Title 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii):

In order for the crime of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth in the Indictment, the defendants possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d
> Cir. 1983); United States v. Wright, 593 F.2d
> 105, 107-108 (9th Cir. 1979); United States v.
> Tighe, 551 F.2d 18, 21 (3d Cir.), cert.
> denied, 434 U.S. 823 (1977).

2. That the defendants did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700
> (9th Cir.), cert. denied, 426 U.S. 951 (1976);
> United States v. Fairouz, 751 F.2d 467, 469
> (1st Cir. 1985).

3. That cocaine base is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the amount of cocaine base the defendant possessed with intent to distribute was 50 grams or more.

11

## III.  PENALTIES

A.  **As to Counts 1,9, 35 and 36:**  Possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1)):

1.  A term of imprisonment of not more than ten (10) years.  However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.  A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.  A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

B.  **As to Count 2:**  Conspiracy to Conduct a Racketeering Enterprise: 18 U.S.C. 1962(d):

1.  A term of imprisonment of not more than twenty (20) years, (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment).

2.  A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.  A term of supervised release of at least three (3) years (or five (5) years if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment).

C. As to Counts 3, 10 and 12: Attempted Murder in Aid of Racketeering Activity: 18 U.S.C. 1959(a)(5):

1.   A term of imprisonment of not more than ten (10) years.

2.   A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of at least three (3) years.

D. As to Counts 4, 6, 10, 11, 13 and 26: Assault with a dangerous weapon in Aid of Racketeering Activity: 18 U.S.C. 1959(a)(3):

1.   A term of imprisonment of not more than twenty (20) years.

2.   A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of at least three (3) years.

E. As to Counts 5, 7, 8, 14, 15, 17, 19, 20, 22, 24 25, 27, 34 and 37: Using and Carrying a firearm during and in relation to a crime of violence or drug trafficking crime and possession of a firearm in furtherance of said crimes:

1.   A term of imprisonment of not less than five (5) years nor more than life.  However, if a firearm was brandished than a term of imprisonment of not less than seven (7) years and if

a firearm was discharged than a term of imprisonment of not less than ten (10) nor more than life imprisonment.  If this is a second or subsequent conviction under this subsection than a term of imprisonment of not less than twenty-five years nor more than life imprisonment.  Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence/drug trafficking crime (18 U.S.C. § 924(c)(1)).

United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

2.   A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of not more than five (5) years and up to life (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

F.   As to Count 16: Carjacking, in violation of Title 18 U.S.C. §§2119 and 2:

1.   A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 2119(1));

2.   A fine not more than the greater of:

(a)   $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice

14

the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.   A term of supervised release of three (3) years (18 U.S.C. § 3583(b)(2)).

G.   As to Counts 18, 23, 25, 28, 31 and 32: Attempted obstruction of Justice:

1.   A term of imprisonment of not more than twenty (20) years.

2.   A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of at least three (3) years.

E.   As to Counts 21, 29 and 30: Possession with intent to distribute a quantity of heroin, in violation of Title 21 U.S.C. §§841(a)(1) and 841(b)(1)(C):

1.   A term of imprisonment of not more than twenty (20) years.

2.   A fine not to exceed $1,000,000.

3.   A term of supervised release of at least three (3) years to a maximum of life.

For a second felony drug conviction that is final, whether federal, state, or foreign:

15

1.    A term of imprisonment of not more than thirty (30) years.

2.    A fine not to exceed $2,000,000.

3.    A term of supervised release of at least six (6) years to a maximum of life.

I. As to Count 33: Possession with intent to distribute 50 grams or more of cocaine base, in violation of Title 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii):

1.    A term of imprisonment of not less than ten years nor more than life..

2.    A fine not to exceed $4,000,000.

3.    A term of supervised release of at least five (5) years to a maximum of life.

For a second felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not less than twenty nor more than life.

2.    A fine not to exceed $8,000,000.

3.    A term of supervised release of at least ten (10) years to a maximum of life.

For a third felony drug conviction that is final, whether federal, state, or foreign:

16

1.   A term of imprisonment of life.

2.   A fine not to exceed $8,000,000.

IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

V.   RESTITUTION

Not applicable in this case.

VI.   FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ROBERT S. CESSAR
Acting United States Attorney

CONSTANCE M. BOWDEN
Assistant U.S. Attorney
PA ID No. 37866

17