IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES )
                             )    CR 8-411
   v.                        )

BRYANT MATHIS

**MEMORANDUM ORDER**

In this matter, Defendant pleaded guilty to conspiracy to conduct a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). On May 3, 2011, he was sentenced to a term of imprisonment of 240 months, followed by a five-year term of supervised release.[1] Defendant has moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The Government opposes the Motion, on grounds that Defendant was sentenced under U.S.S.G. § 4B1.1, to which Section 3582 is inapplicable, rather than under U.S.S.G. § 2D1.1. Defendant responds that although Section 4B1.1 applied to him, the sentencing Court departed downward to a non-career offender sentence under Section 2D1.1.

Section 3582 permits resentencing "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant who is designated a career offender, but ultimately and explicitly is sentenced based on Section 2D1.1, is eligible for a reduced sentence under Section 3582. United States v. McGee, 553 F.3d 225 (2d Cir. 2009) (per curiam); United States v. Pitts, 340 F. App'x 552 (11th Cir. 2009) (per curiam).

---

[1] This matter was transferred to my docket on February 22, 2017.

In this case, the Court issued tentative findings and rulings, which included the career offender designation, and stated that the Court would not depart from the Guidelines. At the May 3, 2011 sentencing hearing, however, the Court stated as follows:

> …I believe that, under the circumstances, that making the defendant a career criminal based on that [resisting arrest conviction] overstates the nature of that particular offense, and the Court will not make calculations based on a career criminal status. ..So, starting with the guidelines now from the 262 to 327, which was based on career criminal, to a non-career offender status and that is 210 months to 262 months…Therefore, we have a sentencing range that is without the conditions of career offender and that is 210 months to 262 months.

It is clear that Defendant's 240 month sentence was not based on the career offender guideline. Accordingly, he is entitled to the relief sought. An appropriate Order reducing his sentence shall follow.

AND NOW, this 24th day of March, 2017, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court