# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES          )
                                  )  CR 8-411
                                  )
      v.

BRYANT MATHIS

## MEMORANDUM ORDER

Before the Court is the Government's Motion for Reconsideration, filed on April 4, 2017. The Government seeks reconsideration of the Amended Judgment Reducing Sentence, entered on March 24, 2017, reducing Defendant's sentence pursuant to 18 U.S.C. § 3582.

A district court is authorized under Section 3582 to exercise its discretion to reduce a sentence if two requirements are met:  the sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," <u>and</u> the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." <u>United States v. Thompson</u>, 825 F.3d 198, 203 (3d Cir. 2016).

Our Court of Appeals has indicated that if the sentencing court "reverted" to the Drug Guidelines range, and imposed a sentence within that range, the sentence was "based on" the Drug Guidelines range for purposes of Section 3582.  <u>Id.</u> at 204.  Here, as more fully discussed in this Court's Memorandum Order dated March 24, 2017, the sentencing Court reverted to the Drug Guidelines range; the sentence was "based on" the Drug Guidelines; and the Amended Judgment now under reconsideration was in turn based on that factor.

The Government's Motion at bar, however, challenges Defendant's eligibility under the second requirement for Section 3582 relief.   The pertinent policy statement is contained in

Comment 1 to U.S.S.G. § 1B1.10. The Comment provides that eligibility for a reduced sentence is triggered by an amendment that "lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 cmt. 1; United States v. Flemming, 723 F.3d 407, 412 (3d Cir. 2013).

On the record previously before this Court, it was not clear whether Defendant's non-career-offender sentence resulted from a departure, a variance, or other considerations.[1] In opposing Defendant's Section 3582 Motion, the Government neither submitted a statement of reasons for the original judgment nor referred specifically to a statement therein that would have clarified the sentencing Court's reasoning. In connection with the Motion for Reconsideration, however, the Court obtained Judge Diamond's statement of reasons. The present record demonstrates that Defendant was deemed a career offender, but Judge Diamond determined that Defendant was entitled to a variance. Therefore, Defendant's "applicable guideline range" is the Career Offender range, which was not lowered by Amendment 782. A reduction in sentence would not be consistent with applicable policy statements. Moreover, any defense argument based on the ex post facto clause of the Constitution cannot succeed. Thompson, 825 F. 3d at 205-06. Defendant is not entitled to Section 3582 relief, and reducing his sentence was an error; indeed, Defendant does not now argue to the contrary.

I am, however, without authority to correct that error. Federal Rule of Criminal Procedure 35 precludes reconsideration of Defendant's reduced sentence. Other than an appeal, "the only source of authority to fix a substantive error in reducing a sentence under § 3582(c)(2) is Rule 35(a), which permits action only within 14 days." United States v. Collazo-Santiago, 637

---

[1] This matter was transferred from Judge Diamond's docket to mine on February 22, 2017.

F. App'x 951, 953 (7th Cir. 2016) (quoting <u>United States v. Newman</u>, 794 F.3d 784, 786 (7th Cir. 2015)); <u>see also</u> <u>United States v. Lebron</u>, 598 F. App'x 817, 818 (3d Cir. 2015).   "This time limit is a 'strict' jurisdictional requirement, …'such that a district court lacks authority to act under the Rule outside this period.'"  <u>United States v. James</u>, 639 F. App'x 834, 836 (3d Cir. 2016); <u>see also</u> <u>LeBron</u>, 598 F. App'x at 818. Casting a motion as one for reconsideration does not avoid the time limit imposed by Rule 35(b).  <u>James</u>, 639 F. App'x at 836; <u>see also</u> <u>United States v. Fawcett</u>, 522 F. App'x 644, 651 (11th Cir. 2013).

At this juncture, the time in which to act has expired.  That this Court cannot correct its acknowledged and regrettable error is antithetical to the interests of economy, both judicial and of the parties; the Government will, presumably, pursue a different path towards a remedy. Nonetheless, it appears inescapable that redress is not available in this Court.

AND NOW, this 4th day of May, 2017, the Government's Motion for Reconsideration is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court